Christopher P. Murphy (VA Bar No. 37382)
Arent Fox LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel.:   202-857-6000
Fax:   202-857-6395
E-mail: cpmurphy@arentfox.com

Attorneys for GIV, LLC



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

| | |
|---|---|
| **GIV, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Case No.** *3:07cv67* |
| **International Business Machines Corporation,** | **Judge:** |
| **Lenovo (United States) Inc.,** | |
| **Compu-Lock, Inc.,** | |
| **and** | |
| **Kokoku Intech Co., Ltd.,** | |
| **Defendants.** | |

## COMPLAINT AND DEMAND FOR JURY TRIAL



Plaintiff, through undersigned counsel, for its Complaint against the defendants alleges as follows:

## The Parties

1.     Plaintiff, GIV, LLC ("GIV") is a limited liability company organized and existing under the laws of the State of Michigan, having a principal place of business at 836 Troon, Highland, Michigan 48357.

2.     Plaintiff is the owner of all rights, title, and interest in and to each of United States Patent Nos. 5,889,508 ("the '508 patent"); 6,140,998 ("the '998 patent"); 6,606,084 ("the '084 patent"); 6,621,485 ("the '485 patent"); and 6,724,369 ("the '369 patent"). Copies of each of the '508, '998, '084, '485, and '369 patents are attached as Exhibits A, B, C, D, and E, respectively.

3.     Upon information and belief, defendant International Business Machines Corporation ("IBM"), is a corporation organized and existing under the laws of the State of New York with corporate headquarters located at New Orchard Road, Armonk, New York 10504.

4.     Upon information and belief, defendant Lenovo (United States) Inc. ("Lenovo") is a corporation organized and existing under the laws of the State of Delaware with executive offices located at 3039 Cornwallis Road, Research Triangle Park, Raleigh, North Carolina 27709.

5.     Upon information and belief, defendant Compu-Lock, Inc. ("Compu-Lock") is a corporation organized and existing under the laws of the State of Massachusetts with a principal office located at 29 Harwich Circle, Westwood, MA

2

02090.

6.     Upon information and belief, defendant Kokoku Intech Co., Ltd. ("Kokoku") is a Japanese company with headquarters at 2-7 Kojimachi, Chiyoda-ku, Tokyo 102-0083, Japan.  Kokoku has United States locations in Richmond, Kentucky and Schaumburg, Illinois.

## Jurisdiction and Venue

7.     This action is based upon the patent laws, 35 U.S.C. § 1 *et seq*, and the common law.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 1367.  The courts of Virginia have personal jurisdiction over the defendants pursuant to Va. Code Ann. §8.01-328.1.

8.     Upon information and belief, IBM transacts business within this judicial district, has sold and/or offered to sell infringing products in this judicial district, and is subject to personal jurisdiction of this Court.

9.     Upon information and belief, Lenovo transacts business within this judicial district, has sold, offered to sell, and is currently selling infringing products in this judicial district, and is subject to personal jurisdiction of this Court.

10.     Upon information and belief, Compu-Lock transacts business within this judicial district, has sold and/or offered to sell infringing products in this judicial district, and is subject to personal jurisdiction of this Court.

11.     Upon information and belief, Kokoku has sold and is selling infringing products to IBM and/or Lenovo in the United States, with knowledge that the infringing

products will be incorporated into products for sale throughout the United States,

including this judicial district. Kokoku is subject to personal jurisdiction of this Court.

  12. Venue in this district is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

**Background**

  13. GIV, LLC is a family-owned business whose mission is to develop,

manufacture, and market user-friendly, effective, and affordable solutions for difficult

interface problems posed by computers.

  14. Mark R. Slotta is GIV's principal designer and the inventor of GIV's most

important product to date, SofPoint® pointing stick cap. The SofPoint pointing stick cap

(hereinafter "SofPoint Cap") is a greatly improved cushion for laptop and keyboard

control sticks, which allows the keyboard control stick to be operated more efficiently,

with greater accuracy, and, most importantly, with increased comfort to the user as

compared to the cap offered by Defendants prior to the infringement complained of

herein.

  15. Mark R. Slotta conceived and reduced to practice the inventions disclosed

and claimed in each of the '508, '998, '084, '485, and '369 patents for new, useful,

nonobvious and pioneering caps. Each of the '508, '998, '084, '485, and '369 patents

complies with all requirements of 35 U.S.C. § 1 *et seq.*

  16. On March 30, 1999, the United States Patent & Trademark Office (the

"USPTO") lawfully issued the '508 patent entitled "Cushion For Keyboard Cursor

Control Stick" to Mark R. Slotta.

  17. On October 31, 2000, the USPTO lawfully issued the '998 patent entitled

4

"Method of Making Cushion For Keyboard Cursor Control Stick" to Mark R. Slotta.

18.    On August 12, 2003, the USPTO lawfully issued the '084 patent entitled "Resiliently Cushioned Cap For Computer Pointing Device" to Mark R. Slotta.

19.    On September 16, 2003, the USPTO lawfully issued the '485 patent entitled "Gel Cushion For Keyboard Cursor Control Stick" to Mark R. Slotta.

20.    On April 20, 2004, the USPTO lawfully issued the '369 patent entitled "Textured Cushion for Keyboard Cursor Control Stick" to Mark R. Slotta.

21.    By way of lawful assignment, from Mark R. Slotta to GIV, plaintiff is the owner of all right, title and interest in and to each of the '508, '998, '084, '485, and '369 patents.

22.    Prior to the infringement complained of herein, IBM offered a hard pointing stick cap (hereinafter the "cat-tongue" cap) characterized by a rough, sandpaper-like surface that was irritating to the skin of users and susceptible to marring or scratching the screen when incorporated into laptop computers.  IBM was aware of these defects of its then-current "cat-tongue" cap design and was aware of consumer dissatisfaction with this design.  Upon information and belief, the "cat-tongue" cap was and is still today referenced by part number 84G6537.

23.    Prior to its relationship and engagement with GIV, IBM had not solved these problems or addressed the concerns raised by consumers with regard to the "cat-tongue" cap.

24.    Through his own personal experiences as a user of the "cat-tongue" cap, Mr. Slotta, who is a member of Plaintiff GIV, recognized that the cat-tongue cap was

irritating to the skin of users and susceptible to marring or scratching the screen when incorporated into laptop computers.

25.     To solve these problems with the "cat-tongue" cap design, Mr. Slotta invented and developed the SofPoint caps. Since their inception, the SofPoint Caps have garnered strongly favorable reviews from consumers regarding SofPoint Caps' ease of use, accuracy, and alleviation of discomfort caused by using other caps.

26.     On September 26, 1996, Mr. Slotta filed the first U.S. patent application for the SofPoint caps, (now granted as the '508 Patent).

27.     On or about February 1998, GIV first made contact with IBM to discuss the problems with the "cat-tongue" cap and to promote its SofPoint caps. Sometime thereafter, GIV shared with IBM certain information, know-how, and intellectual property that he had developed with regard to SofPoint Caps.

28.     Over the course of dealings with IBM, GIV shared its proprietary information, know-how, and intellectual property as a result of express and/or implied promises on the part of IBM that GIV's technology had commercial value, that GIV's intellectual property was being considered by IBM for use or incorporation into its laptops and keyboards, and that IBM would enter into a formal agreement, either a supply, consulting, and/ or license agreement, with GIV.

29.     GIV's disclosures and discussion of its propriety information, know-how, and intellectual property were made at the request of IBM and with IBM's explicit and/or implied promise that IBM would not appropriate the information, know-how, or intellectual property for its own use, absent some formal arrangement between IBM and

GIV that adequately compensated GIV for its substantial design, development work, and contributions to IBM's development of an improved cap.

30.    Shortly after GIV was induced into sharing its proprietary information, know-how, and intellectual property with IBM, IBM declined to enter into an agreement with GIV, and began using and/or selling infringing caps that copied the SofPoint Cap technology.  Defendants presently manufacture, import, and/or sell such infringing caps.

31.    Upon information and belief, on or about March 2003, while continuing to work with IBM, GIV learned that IBM had collaborated with Defendant KoKoku to begin marketing and selling infringing caps on various laptop models that copied the SofPoint cap technology through its Personal Computing Division.  GIV then notified IBM of its patents, informed IBM that it considered the Kokoku produced caps to use GIV's proprietary SofPoint cap technology, and requested that IBM honor its express and implied promises to enter into a formal agreement with GIV.  IBM declined to enter into an agreement with Plaintiff GIV.

32.    After a new SofPoint patent was granted in April 2004 ('369 Patent), GIV again advised IBM of their continuing infringement, and notified them of GIV's patents including the newly-issued '369 Patent.  IBM continued its infringement.

33.    On information and belief, in approximately December 2004, IBM announced the sale of its Personal Computing Division to Lenovo.  On information and belief, the sale was completed on May 1, 2005.

34.    Upon information and belief, after the foregoing sale, many employees of IBM's Personal Computing Division, including employees dealing directly with GIV,

became employees of Lenovo. Lenovo had knowledge of GIV's patents and continued in the infringing activity as had been done by IBM. Upon information and belief, Lenovo made no attempt to review or cease its infringing activity.

35.     Upon information and belief, IBM contracted with Compu-Lock to market and sell infringing caps as after-market parts. Compu-Lock had knowledge of GIV's patents and continues today to sell infringing caps. Upon information and belief, Compu-Lock made no attempt to review or cease its infringing activity.

36.     On information and belief, defendant IBM has sold, offered to sell, and is currently selling infringing caps, including but not limited to those with part number 91P8422, a soft convexed cap, and part number 91P8423, a soft concaved cap, either individually, in bulk, or as a group of caps with part number 73P2698 and described as "ThinkPlus TrackPoint Cap Collection." IBM also sells keyboards and laptop computers containing infringing caps.

37.     On information and belief, defendant Kokoku manufactured for IBM and currently manufactures for Lenovo infringing caps, including but not limited to those having the part number 73P2698 and serial number L3B7298.

38.     On information and belief, defendant Lenovo sells caps, including but not limited to caps having the same part numbers and construction and configuration as the infringing caps sold and offered for sale by IBM. Lenovo also sells keyboards and laptop computers containing infringing caps.

39.     On information and belief, defendant Compu-Lock sells caps, including but not limited to caps having the same part numbers and construction and configuration

8

as the infringing caps sold and offered for sale by IBM.

## COUNT I
### (Infringement of the '508 Patent)

40.    Plaintiff incorporates paragraph numbers 1 through 39 as if fully set forth herein.

41.    On information and belief, IBM, Lenovo, Compu-Lock, and Kokoku, without authority or license from Plaintiff, have directly infringed and continue to directly infringe the '508 patent either literally or under the doctrine of equivalents under 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing infringing caps, including the caps bearing part numbers 91P8422 and 91P8423, claimed by the '508 patent in this judicial district in the State of Virginia and elsewhere; including, for example, at http://www.ibm.com/products/us/; http://www.lenovo.com/products/us/en/; and https://www.compu-lock.com/order.html.

42.    Upon information and belief, Defendants, without authority or license from Plaintiff, actively induced others to directly infringe one or more claims of the '508 patent.

43.    Upon information and belief, Defendants, without authority or license from Plaintiff, contributorily infringed one or more claims of the '508 patent.

44.    On information and belief, Defendants have committed such acts of infringement with knowledge of the '508 patent.

45.    Such acts of infringement by Defendants have been, and continue to be, willful and deliberate, and Plaintiff believes that such acts will continue in the future unless enjoined by this Court.

46.     By reason of Defendants' acts of infringement, Plaintiff has suffered and continues to suffer irreparable harm and damages, including, but not limited to, diminution in the value of the rights granted under the '508 patent, in an amount to be determined at trial.

**COUNT II**
**(Infringement of the '998 Patent)**

47.     Plaintiff incorporates paragraph numbers 1 through 46 as if fully set forth herein.

48.     On information and belief, IBM, Lenovo, Compu-Lock, and Kokoku, without authority or license from Plaintiff, have directly infringed and continue to directly infringe the '998 patent either literally or under the doctrine of equivalents under 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing infringing caps, including the cap bearing part number 91P8422, claimed by the '998 patent in this judicial district in the State of Virginia and elsewhere; including, for example, at http://www.ibm.com/products/us/; http://www.lenovo.com/products/us/en/; and https://www.compu-lock.com/order.html.

49.     Upon information and belief, Defendants, without authority or license from Plaintiff, actively induced others to directly infringe one or more claims of the '998 patent.

50.     Upon information and belief, Defendants, without authority or license from Plaintiff, contributorily infringed one or more claims of the '998 patent.

51.     On information and belief, Defendants have committed such acts of infringement with knowledge of the '998 patent.

52.     Such acts of infringement by Defendants have been, and continue to be, willful and deliberate, and Plaintiff believes that such acts will continue in the future unless enjoined by this Court.

53.     By reason of Defendants' acts of infringement, Plaintiff has suffered and continues to suffer irreparable harm and damages, including, but not limited to, diminution in the value of the rights granted under the '998 patent, in an amount to be determined at trial.

### COUNT III
### (Infringement of the '084 Patent)

54.     Plaintiff incorporates paragraph numbers 1 through 53 as if fully set forth herein.

55.     On information and belief, IBM, Lenovo, Compu-Lock, and Kokoku, without authority or license from Plaintiff, have directly infringed and continue to directly infringe the '084 patent either literally or under the doctrine of equivalents under 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing infringing caps, including the caps bearing part numbers 91P8422 and 91P8423, claimed by the '084 patent in this judicial district in the State of Virginia and elsewhere; including, for example, at http://www.ibm.com/products/us/; http://www.lenovo.com/products/us/en/; and https://www.compu-lock.com/order.html.

56.     Upon information and belief, Defendants, without authority or license from Plaintiff, actively induced others to directly infringe one or more claims of the '084 patent.

57.     Upon information and belief, Defendants, without authority or license

from Plaintiff, contributorily infringed one or more claims of the '084 patent.

58.    On information and belief, Defendants have committed such acts of infringement with knowledge of the '084 patent.

59.    Such acts of infringement by Defendants have been, and continue to be, willful and deliberate, and Plaintiff believes that such acts will continue in the future unless enjoined by this Court.

60.    By reason of Defendants' acts of infringement, Plaintiff has suffered and continues to suffer irreparable harm and damages, including, but not limited to, diminution in the value of the rights granted under the '084 patent, in an amount to be determined at trial.

## COUNT IV
### (Infringement of the '485 Patent)

61.    Plaintiff incorporates paragraph numbers 1 through 60 as if fully set forth herein.

62.    On information and belief, IBM, Lenovo, Compu-Lock, and Kokoku, without authority or license from Plaintiff, have directly infringed and continue to directly infringe the '485 patent either literally or under the doctrine of equivalents under 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing infringing caps, including the caps bearing part numbers 91P8422 and 91P8423, claimed by the '485 patent in this judicial district in the State of Virginia and elsewhere; including, for example, at http://www.ibm.com/products/us/; http://www.lenovo.com/products/us/en/; and https://www.compu-lock.com/order.html.

63.    Upon information and belief, Defendants, without authority or license

12

from Plaintiff, actively induced others to directly infringe one or more claims of the '485 patent.

64.     Upon information and belief, Defendants, without authority or license from Plaintiff, contributorily infringed one or more claims of the '485 patent.

65.     On information and belief, Defendants have committed such acts of infringement with knowledge of the '485 patent.

66.     Such acts of infringement by Defendants have been, and continue to be, willful and deliberate, and Plaintiff believes that such acts will continue in the future unless enjoined by this Court.

67.     By reason of Defendants' acts of infringement, Plaintiff has suffered and continues to suffer irreparable harm and damages, including, but not limited to, diminution in the value of the rights granted under the '485 patent, in an amount to be determined at trial.

<u>COUNT V</u>
**(Infringement of the '369 Patent)**

68.     Plaintiff incorporates paragraph numbers 1 through 67 as if fully set forth herein.

69.     On information and belief, IBM, Lenovo, Compu-Lock, and Kokoku, without authority or license from Plaintiff, have directly infringed and continue to directly infringe the '369 patent either literally or under the doctrine of equivalents under 35 U.S.C. § 271, by making, using, selling, offering to sell and/or importing infringing caps, including the caps bearing part numbers 91P8422 and 91P8423, claimed by the

'369 patent in this judicial district in the State of Virginia and elsewhere; including, for example, at http://www.ibm.com/products/us/; http://www.lenovo.com/products/us/en/; and https://www.compu-lock.com/order.html.

70.    Upon information and belief, Defendants, without authority or license from Plaintiff, actively induced others to directly infringe one or more claims of the '369 patent.

71.    Upon information and belief, Defendants, without authority or license from Plaintiff, contributorily infringed one or more claims of the '369 patent.

72.    On information and belief, Defendants have committed such acts of infringement with knowledge of the '369 patent.

73.    Such acts of infringement by Defendants have been, and continue to be, willful and deliberate, and Plaintiff believes that such acts will continue in the future unless enjoined by this Court.

74.    By reason of Defendants' acts of infringement, Plaintiff has suffered and continues to suffer irreparable harm and damages, including, but not limited to, diminution in the value of the rights granted under the '369 patent, in an amount to be determined at trial.

## COUNT VI
### (Unjust Enrichment)

75.    Plaintiff incorporates paragraph numbers 1 through 74 as if fully set forth herein.

76.    As a result of the conduct alleged herein, Defendants received a benefit from Plaintiff including obtaining Plaintiff's know-how and experience about pointing

stick caps that directly resulted in an improved (and infringing) cap, and thereby allowed defendants to remedy long-standing consumer complaints with their "cat-tongue" caps.

77.     Defendants were aware that they were receiving such a benefit from Plaintiff, as evidenced by the facts that Defendants engaged in negotiations with Plaintiff over a licensing agreement or consultancy, that Defendants continued to foster their relationship with Plaintiff, and that Lenovo, Compu-Lock, and Kokoku are now using Plaintiff's inventions, SofPoint technology, and know-how.

78.     Defendants have been and will be unjustly enriched by their malicious, unauthorized, unlawful, and unjust misappropriation and use of Plaintiff's intellectual property and know-how, all at the expense of Plaintiff.

79.     Defendants should be required to disgorge this unjust enrichment, in an amount to be determined at trial.

## COUNT VII
### (Intentional Misrepresentation)

80.     Plaintiff incorporates paragraph numbers 1 through 79 as if fully set forth herein.

81.     Defendants materially represented to Plaintiff that Defendants would enter into an agreement with Plaintiff whereby Defendants would purchase SofPoint Caps from Plaintiff, and/or hire Plaintiff as a consultant to design new caps like the SofPoint Caps.

82.     Defendants knew that their representations to Plaintiff were false or made with reckless disregard for the truth.

83.     Defendants intentionally made these materially false representations to

15

induce Plaintiff into divulging information and know-how regarding Plaintiff's SofPoint

technology and cap designs.

84.    Plaintiff did, in fact, rely upon Defendants' representations by providing

SofPoint information, know-how and designs.

85.    By reason of Defendants' making maliciously false, material

misrepresentations that induced Plaintiff to provide information and know-how, Plaintiff

has suffered and continues to suffer irreparable harm and damages, including but not

limited to Defendants' failure to compensate Plaintiff, in an amount to be determined at

trial.

## COUNT VIII
### (Negligent Misrepresentation)

86.    Plaintiff incorporates paragraph numbers 1 through 85 as if fully set forth

herein.

87.    In the alternative, Defendants negligently or recklessly made statements as

set forth in paragraph 81 to Plaintiff with understanding that such statements would

induce Plaintiff in sharing its knowledge and information regarding SofPoint Caps with

IBM personnel.  Defendants owed Plaintiff a duty of care and knew or should have

known that Plaintiff would rely on those statements in providing SofPoint technology and

know-how.

88.    Plaintiff in fact justifiably and reasonably relied to its detriment on

assurances that Plaintiff would be compensated in some form for the SofPoint

information and know-how.

89.    By reason of Defendants inducing Plaintiff to share proprietary

information, know-how, and intellectual property without compensation, Plaintiff has suffered and continues to suffer irreparable harm and damages, including but not limited to Defendants' failure to compensate Plaintiff, in an amount to be determined at trial.

### COUNT IX
### (Civil Conspiracy)

90. Plaintiff incorporates paragraph numbers 1 through 89 as if fully set forth herein.

91. At all times material to this action, Defendants worked together to misappropriate Plaintiff's proprietary intellectual property, knowledge, experience and know-how about pointing stick caps for their own benefit.

92. Defendants' misappropriation was unauthorized, unlawful, and unjust. In so misappropriating, Defendants unlawfully infringed on Plaintiff's patents and misrepresented to Plaintiff the nature of their requests for information.

93. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered and continues to suffer irreparable harm and damages, including but not limited to, diminution in the value of the rights granted under all patents herein, in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. enter judgment in favor of Plaintiff that Defendants directly and/or indirectly infringe the '508 patent;

B. enter judgment in favor of Plaintiff that Defendants directly and/or

indirectly infringe the '998 patent;

    C.    enter judgment in favor of Plaintiff that Defendants directly and/or indirectly infringe the '084 patent;

    D.    enter judgment in favor of Plaintiff that Defendants directly and/or indirectly infringe the '485 patent;

    E.    enter judgment in favor of Plaintiff that Defendants directly and/or indirectly infringe the '369 patent;

    F.    enter judgment in favor of Plaintiff that such infringement of the '508 patent was willful;

    G.    enter judgment in favor of Plaintiff that such infringement of the '998 patent was willful;

    H.    enter judgment in favor of Plaintiff that such infringement of the '084 patent was willful;

    I.    enter judgment in favor of Plaintiff that such infringement of the '485 patent was willful;

    J.    enter judgment in favor of Plaintiff that such infringement of the '369 patent was willful;

    K.    preliminarily and permanently enjoin Defendants and their officers, agents, servants, employees, attorneys, successors, assigns, and others controlling, controlled by, affiliated with, in privity with, or in active concert with Defendants from infringing, inducing infringement and/or contributing to infringement of the '508 patent by importing, making, using, offering to sell, or selling devices which embody or employ

the inventions of the '508 patent;

     L.     preliminarily and permanently enjoin Defendants and their officers, agents, servants, employees, attorneys, successors, assigns, and others controlling, controlled by, affiliated with, in privity with, or in active concert with Defendants from infringing, inducing infringement and/or contributing to infringement of the '998 patent by importing, making, using, offering to sell, or selling devices which embody or employ the inventions of the '998 patent;

     M.     preliminarily and permanently enjoin Defendants and their officers, agents, servants, employees, attorneys, successors, assigns, and others controlling, controlled by, affiliated with, in privity with, or in active concert with Defendants from infringing, inducing infringement and/or contributing to infringement of the '084 patent by importing, making, using, offering to sell, or selling devices which embody or employ the inventions of the '084 patent;

     N.     preliminarily and permanently enjoin Defendants and their officers, agents, servants, employees, attorneys, successors, assigns, and others controlling, controlled by, affiliated with, in privity with, or in active concert with Defendants from infringing, inducing infringement and/or contributing to infringement of the '485 patent by importing, making, using, offering to sell, or selling devices which embody or employ the inventions of the '485 patent;

     O.     preliminarily and permanently enjoin Defendants and their officers, agents, servants, employees, attorneys, successors, assigns, and others controlling, controlled by, affiliated with, in privity with, or in active concert with Defendants from

infringing, inducing infringement and/or contributing to infringement of the '369 patent by importing, making, using, offering to sell, or selling devices which embody or employ the inventions of the '369 patent;

P.     award damages under 35 U.S.C. § 284, in an amount adequate to compensate Plaintiff for Defendants' infringement of the '508 patent, including costs and prejudgment interest;

Q.     award damages under 35 U.S.C. § 284, in an amount adequate to compensate Plaintiff for Defendants' infringement of the '998 patent, including costs and prejudgment interest;

R.     award damages under 35 U.S.C. § 284, in an amount adequate to compensate Plaintiff for Defendants' infringement of the '084 patent, including costs and prejudgment interest;

S.     award damages under 35 U.S.C. § 284, in an amount adequate to compensate Plaintiff for Defendants' infringement of the '485 patent, including costs and prejudgment interest;

T.     award damages under 35 U.S.C. § 284, in an amount adequate to compensate Plaintiff for Defendants' infringement of the '369 patent, including costs and prejudgment interest;

U.     enter judgment that this case is exceptional under 35 U.S.C. § 285 and award Plaintiff its reasonable attorneys' fees incurred in this action;

V.     award treble damages by reasons of Defendants' willful infringement;

W.     order Defendants to make a written report, to be filed with the Court,

detailing the manner of their compliance with the requested injunction;

     X.    award damages to compensate Plaintiff and disgorge Defendants' unjust enrichment;

     Y.    award damages to compensate Plaintiff for Defendants' intentional, or in the alternative negligent, misrepresentation;

     Z.    award damages to compensate Plaintiff for Defendants' civil conspiracy;

     AA.    award punitive damages to Plaintiff against Defendants in amounts to be determined by the jury; and

     BB.    grant Plaintiff such other and further relief as this Court may deem just.

## **JURY DEMAND**

Plaintiff hereby respectfully requests a trial by jury in this matter.

Respectfully submitted,

ARENT FOX LLP

Christopher P. Murphy (VA Bar No. 37382)
Arent Fox LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
Tel.: (202) 857-6000
Fax: (202) 857-6395
E-mail: cpmurphy@arentfox.com

ATTORNEYS FOR PLAINTIFF

Dated: January 31, 2007